## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAMEKA L. FLEMING**, <br><br> Plaintiff, <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, <br><br> Defendant. | Case No. 13-cv-00443 (CRC) |

### OPINION AND ORDER

On April 8, 2013, Plaintiff Temeka L. Fleming filed suit against the District of Columbia, alleging that she was mistreated while in police custody.  On June 4, 2014, the District moved to dismiss with prejudice Fleming's action for failure to prosecute, noting that she had failed to respond to any of its discovery requests and did not appear for deposition.  Def.'s Mot. Dismiss Failure Prosecute 1.  The Court granted the motion to dismiss on July 15, 2014, following Fleming's failure to respond to the motion or to the Court's subsequent show-cause order.  See Order Granting Motion to Dismiss for Lack of Prosecution, ECF No. 27.

Fleming, proceeding *pro se*, now asks the Court to "reopen [her] lawsuit" in what the Court construes to be a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b).[1]  Pl.'s Mot. Relief.  In her motion, dated November 13, 2015 and filed nearly 500 days following the Court's order of dismissal, Fleming indicates that the attorney who previously represented her in this case could not locate her due to her homelessness while her case was proceeding.  Pl.'s Mot. Relief 1.  The Court understands Fleming to argue that her failure to prosecute her case diligently was due to her homelessness and consequent failure to communicate

---

[1] The Court allowed Fleming until January 29, 2016 to file a reply to the District's opposition to her motion.  She has not filed any reply as of the date of this order.

with counsel. She also claims that reopening her case would serve the interests of justice and provide her with much-needed financial assistance. See id. at 2–3.

Rule 60(b) allows a district court to "relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion for any of the first three reasons must always be made within a year of the Court's order, while a motion for any other reason must only "be made within a reasonable time." Id. 60(c). Because Fleming filed her motion more than one year following the Court's order, relief pursuant to any of the first three reasons is unavailable. Furthermore, Rules 60(b)(4) and 60(b)(5) plainly do not apply to Fleming's case, so the only potential avenue for relief would be Rule 60(b)(6). That rule 'provides courts with authority . . . to vacate judgments whenever such action is appropriate to accomplish justice[,] . . . [but] it should only be applied in 'extraordinary circumstances.'" More v. Lew, 34 F. Supp. 3d 23, 27–28 (D.D.C. 2014) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)). As "[t]he party seeking relief from judgment," Fleming "bears the burden of showing that . . . she is entitled to the relief sought." More, 34 F. Supp. at 27.

The Court agrees with the District that, regardless of what reason Fleming relies on, her motion is untimely. See Def.'s Opp'n 4–5 (citing Fed. R. Civ. P. 60(c)(1)). While courts in this Circuit "almost uniformly deny Rule 60(b)(6) motions as untimely when they are filed more than

three months after judgment," More, 34 F. Supp. 3d at 27 (quoting Carvajal v. Drug Enforcement Admin., 286 F.R.D. 23, 26 (D.D.C. 2012))), courts may find such motions timely "when [the] plaintiff bore no fault for the delay and filed the motion as soon as feasible," Carvajal, 286 F.R.D. at 27; see also id. ("[R]elief normally will not be granted unless the moving party is able to show circumstances beyond its control prevented taking 'earlier, more timely' action to protect its interests." (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993))).  For example, "[c]ourts have taken into account a delay in receiving notice of the judgment when evaluating whether [such] a . . . motion was timely filed" and have found those motions to be "timely where they are filed promptly following notice of the judgment." Id.  Here, however, Fleming gives no indication that she only recently learned of the Court's judgment.  In light of her failure to provide any reason for the fifteen-month delay in filing her motion, the Court lacks any basis on which to conclude that she filed it within a reasonable time as required by Rule 60(c)(1).  See Bowie v. Maddox, 677 F. Supp. 2d 276, 278 (D.D.C. 2010) ("What constitutes a 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." (quoting Osborne v. Homeside Lending, Inc., 379 F.3d 277, 283 (5th Cir. 2004))).  Therefore, it is hereby

    **ORDERED** that [28] Plaintiff's Motion for Relief from Judgment be **DENIED**.
    **SO ORDERED**.

                                        CHRISTOPHER R. COOPER
                                        United States District Judge

Date:   February 8, 2016